IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 03-cv-00411-CBS-BNB

UNITED STATES OF AMERICA,
    Plaintiff,
v.

MENTER S. KALEVIK
    a/k/a MENTER STEPHEN KALEVIK
    a/k/a STEPHEN M. KALEVIK
    a/k/a STEPHEN KALEVIK
    a/k/a STEVEN KALEVIK
    a/k/a STEVEN M. KALEVIK
    a/k/a STEPHEN KALEVIK MENTER,
UNION PLANTERS CORPORATION/UNION PLANTERS BANK,
ALLIANCE MORTGAGE COMPANY,
GLOBAL PAYMENTS CHECK RECOVERY SERVICES, INC.,
LYNETTE ANN KALEVIK, and
CHARLES W. STELLTER,
    Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

This civil action comes before the court on Plaintiff United States of America's ("USA") Motion for Summary Judgment (filed March 3, 2004). On October 3, 2003, the above-captioned case was referred to the Magistrate Judge to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. The court has considered the Motion, the entire case file, the exhibits and declarations, the arguments presented at the May 20, 2004 hearing, and the applicable law and is sufficiently advised in the premises.

1

A.      Statement of Undisputed Facts

1.      This is a civil action brought by the USA to reduce to judgment the outstanding federal income tax liabilities assessed against Defendant, Menter S. Kalevik, and to foreclose its federal tax liens against the real property located at 7392 Rainbow Creek Road, Sedalia, Colorado 80135 ("Sedalia Property") and the real property located at 3553 South Emerson Street, Englewood, Colorado 80110 ("Englewood Property").

2.      A delegate of the Secretary of the Treasury made assessments of federal income taxes, penalties, interest and other statutory additions on the dates, in the amounts, and for the taxable periods as follows:

| Tax Type/ Form and Tax Period | Date of Tax Assessment | Assessed Tax | Assessed Penalties & Costs | Assessed Interest |
| --- | --- | --- | --- | --- |
| 1040--1990 | 10/17/94 | $ 10.037.00 | $ 2,138.00 | $ 2,680.40 |
| 1040--1991 | 10/17/94 | $ 13,368.00 | $ 2,999.00 | $ 2,406.44 |
| 1040--1992 | 7/17/95 | $ 7,550.00 | $ 1,970.87 | $ 3,227.83 |
| 1040--1993 | 9/21/98 | $ 61,341.00 | $ 31,172.90 | $ 34,101.66 |
| 1040--1994 | 9/21/98 | $ 56,728.00 | $ 28,725.10 | $ 23,010.89 |
| 1040--1995 | 9/21/98 | $ 36,402.00 | $ 10,482.00 | $ 9,764.82 |

(*See* Declaration of Anita Machhar in Support of USA's Motion for Summary Judgment ("Machhar Declaration");  USA's Exhibits 1 through 6 (Certificates of Assessments, Payments and Other Specified Matters for 1990 through 1995)).

3.      Despite timely notice and demand for payment of these assessments, Kalevik has neglected, failed, or refused to pay the assessments, and as of February 7, 2002 there remained due and owing on said assessments, with accrued interest and other statutory additions as provided by law, and after subtracting related payments, the following amounts: $14,885.16 for 1990, $30,865.14 for 1991, $6,720.53 for 1992, $157,301.05 for 1993, $125,493.23 for 1994 and $79,671.65 for 1995, for a total amount due of $ 414,936.76.  (*See* Machhar Declaration; USA's Exhibit 7 (Civil Suit Recommendation)).

4.      On July 28, 1995, the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien against Kalevik for his federal income tax liabilities for 1988 through 1991 with the Clerk and Recorder of Douglas County, Colorado.  (*See* Machhar Declaration; USA's Exhibit 8 (IRS Facsimile Federal Tax Lien Document)).

5.      On October 2, 1995, the IRS filed a Notice of Federal Tax Lien against Kalevik for his federal income tax liabilities for 1992 with the Clerk and Recorder of Douglas County Colorado. (*See* Machhar Declaration; USA's Exhibit 9 (IRS Facsimile Federal Tax Lien Document)).

6.      On July 15, 1999, the IRS filed a Notice of Federal Tax Lien against Kalevik for his federal income tax liabilities for 1993 through 1995 with the Clerk and Recorder of Douglas County, Colorado.  (*See* Machhar Declaration; USA's Exhibit 10 (IRS Facsimile Federal Tax Lien Document)).

7.      On December 23, 1999, the IRS filed a Notice of Federal Tax Lien against Kalevik for his federal income tax liabilities for 1990 through 1995 with the Clerk and

Recorder of Arapahoe County, Colorado. (*See* Machhar Declaration; USA's Exhibit 11 (IRS Facsimile Federal Tax Lien Document)).

8. Kalevik is the owner of the real property located at 3553 South Emerson Street, Englewood, Colorado 80110 and legally described as Block 4, Lots 36 & 37, Higgins South Broadway Heights, County of Arapahoe, State of Colorado ("Englewood Property"). (*See* Amended Complaint at ¶13 and Kalevik's Answer to Amended Complaint at ¶13).

9. Kalevik is the owner of the real property located at 7392 Rainbow Creek Road, Sedalia, Colorado 80135 and legally described as Lot 52, Indian Creek Ranch Filing No.2, County of Douglas, State of Colorado ("Sedalia Property"), and was the sole owner of this property at the time of his divorce from Lynette Ann Kalevik in January, 2000. (*See* Amended Complaint at ¶ 12; Kalevik's Answer to Amended Complaint at ¶ 12; Machhar Declaration; USA's Exhibit 12 (portions of USA's First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions Directed to Menter S. Kalevik) at p. 10, question 1).

10. On October 3, 2003, the USA issued discovery requests, including Requests for Admissions, to Kalevik. Pursuant to Fed. R. Civ. P. 36 and 6(e), the responses to these requests were due on or before November 5, 2003. (See Machhar Declaration; USA's Exhibit 12).

11. On November 4, 2003, Kalevik's attorney, Erik Morlang, filed a Motion to Withdraw, based on Kalevik's failure to cooperate and communicate. Due to the withdrawal of Kalevik's counsel, the USA consented to extend the time period for

Kalevik to respond to the outstanding discovery requests for an additional thirty (30) days. (*See* Motion to Withdraw (filed November 7, 2003)).

      12.    In a Minute Order dated November 10, 2003, the court granted the Motion to Withdraw and ordered Kalevik to proceed in this matter *pro se* as necessary until the entry of appearance of new counsel. The court reminded Kalevik of his obligation to comply with all applicable Federal Rules of Civil Procedure and Local Rules of Practice, and allowed Kalevik up to and including December 5, 2003 to respond to the USA's discovery requests. As of this date, the USA has not received any response to its discovery requests, including the Requests for Admissions and no new counsel has entered an appearance on behalf of Kalevik.

      13.    A Deed of Trust was filed against the Sedalia property and recorded with the Clerk and Recorder of Douglas County, Colorado on January 13, 1987. (*See* Machhar Declaration; USA's Exhibit 13 (Mortgage Guarantee from First American Title Insurance Company for Sedalia Property, Bates Stamp 268)). As shown on the mortgage guarantee of the Sedalia property, the Deed of Trust that was recorded on January 13, 1987 was assigned to Leader Federal Bank for Savings. *Id.*

      14.    Defendant Union Planters Bank, National Association a/k/a Union Planters Bank, N.A. ("Union Planters") is the successor by merger with Leader Federal Bank for Savings. (*See* Machhar Declaration; USA's Exhibit 14 (Assignment of Deed of Trust)). Union Planters executed a disclaimer of interest in this matter because it had sold its interest in the Deed of Trust on the Sedalia Property to Defendant Alliance Mortgage Company ("Alliance"). (*See* Disclaimer of Interest of Union Planters

Mortgage (filed December 4, 2003);  Machhar Declaration; USA's Exhibit 14).  Alliance, as the current lien holder of the Deed of Trust filed on the Sedalia Property on January 13, 1987, has a lien that is prior to that of the United States on the Sedalia Property. (*See* Machhar Declaration; USA's Exhibit 13 at Bates stamped page 268).  The USA and Alliance have entered into a Stipulation that any proceeds from a foreclosure of the Sedalia Property "should first be paid to Alliance Mortgage Company for the balance due on the debt secured by the Deed of Trust, as of the day of the sale, along with its reasonable attorney's fees associated with the defense of this action." (Stipulation Between the United States of America and Alliance Mortgage Company (filed March 12, 2004) at ¶ 7).  "The attorney's fees will not accrue interest and will not exceed one thousand dollars ($1,000.00)."  *Id.*

15.    Defendant Lynette Kalevik, who is also shown as an owner of the Sedalia Property on the mortgage guarantee, has also executed a Disclaimer of Interest in this matter.  (See Disclaimer of Interest of Lynette Ann Kalevik (filed December 4, 2003)). Any interest that Ms. Kalevik has in certain court-awarded personal property as a result of her divorce from Kalevik does not implicate the USA's interest in or Ms. Kalevik's Disclaimer of Interest in the Sedalia property.

16.    In June, 1994, Choice Recovery Network, Inc. filed with the Clerk and Recorder of Douglas County, Colorado a judgment that had been obtained against Kalevik on March 8, 1995.  (*See* Machhar Declaration;  USA's Exhibit 13 at Bates Stamp 268).  There have been several name changes and/or trade names related to Choice Recovery Network.  DaJoy Enterprises, Inc., registered Choice Recovery as its

6

trademark with the Colorado Secretary of State on February 8, 1994.  (*See* Machhar Declaration;  USA's Exhibit 15 (documents obtained from the website of the Colorado Secretary of State regarding the predecessor names, trade names and/or alternate names of Defendant Global Payments Check Recovery Services, Inc.) at p. 12).  Articles of Merger showing a merger of DaJoy Enterprises, Inc. into Check Rite, Ltd. were filed with the Colorado Secretary of State on February 23, 1996.  (*See* USA's Exhibit 15 at pp. 9 through 11).

17.   Check Rite, Ltd. does business as Choice Recovery Network.  CheckRite Recovery Services, Inc. also did business as Choice Recovery.  Check Rite, Ltd. and CheckRite Recovery Services, Inc. share the same address.  (*See* USA's Exhibit 15 at pp. 2 and 8).  CheckRite Recovery Services, Inc. changed its corporate name to Global Payments Check Recovery Services, Inc. ("Global Payments").  Global Payments is a defendant in this action.  (*See* USA's Exhibit 15 at pp. 4 and 5).

18.   Global Payments does business as CheckRite.  (*See* USA's Exhibit 15 at p. 1).  A letter was sent from CheckRite to the IRS, dated November 1, 2001, and signed by an authorized agent for Choice Recovery Network, Inc., stating that the judgment obtained in 1994 is beyond Colorado's statute of limitations and was not extended.  (*See* Machhar Declaration;  USA's Exhibit 16).

19.   After having been properly served with process, Global Payments failed to make an appearance in this matter, and on March 2, 2004, the Clerk of the Court entered default against it.  (*See* USA's Second Request for Entry of Default Against Global Payments Check Recovery Services, Inc. and attached Certificate of Service

(filed March 2, 2004); Affidavit of Cindy A. Bouldin (filed March 2, 2004);  Declaration of Anita Machhar in Support of United States' Second Request for Entry of Default Against Global Payments Check Recovery Services, Inc, and attachments (filed March 2, 2004);  Entry of Default (filed March 2, 2004)).

20.     A Deed of Trust dated January 16, 1974, was filed by Defendant Charles W. Stellter against the Englewood Property and recorded with the Clerk and Recorder of Arapahoe County, Colorado on January 25, 1974.  (*See* Machhar Declaration; USA's Exhibit 17 (Mortgage Guarantee from First American Title Insurance Company for Englewood Property), Bates Stamp 317).  The Deed of Trust issued by Kalevik to Stellter secures a promissory note showing that Kalevik borrowed $12,500.00 from Stellter, to be paid with 8.5% interest per annum, in monthly installments of $109.48. (*See* Machhar Declaration;  USA's Exhibit 18 (Deed of Trust)).  The Deed of Trust does not show the date final payment on the loan was due or whether the interest is to accrue as simple interest or daily, monthly or yearly compounding interest.  (*See* USA's Exhibit 18).  The debt underlying the promissory note is almost completely or completely paid.  (*See* Affidavit of Norma Osmon and Marjorie Ann Nalker (attached to doc. # 40) at ¶¶ 4 and 5).  Stellter did not assign Kalevik's debt to Ms. Osmon or Ms. Nalker.  (*See id.* at ¶ 6).  Ms. Osmon and Ms. Nalker are not aware of anyone else to whom Stellter may have assigned Kalevik's debt.  (*See id.* at ¶ 7).

21.     Charles Stellter died in September, 1981.  (*See* Machhar Declaration; USA's Exhibit 19 (public record obtained from LexisNexis); Affidavit of Norma Osmon and Marjorie Ann Nalker at ¶ 1).  Stellter has no surviving wife, and has only two

surviving children, Norma Osmon and Marjorie Ann Nalker.  (*See* Affidavit of Norma Osmon and Marjorie Ann Nalker, at ¶ 2).  Stellter did not leave a will, nor is there an open estate.  (*See id.* at 3).  Ms. Osmon and Ms. Nalker do not wish to pursue any interest Stellter may have had in the Englewood Property. (*See id.* at ¶¶ 8-10).

22.     Tax Lien Sale Certificate No. 0000081232 was filed against the Englewood Property and recorded with the Clerk and Recorder of Arapahoe County, Colorado on November 18, 1998.  (*See* Machhar Declaration;  USA's Exhibit 17, Bates Stamp 317).   A Certificate of Redemption with respect to this tax lien was recorded with the Clerk and Recorder of Arapahoe County, Colorado on June 26, 2000.  (*See* Machhar Declaration;  USA's Exhibit 21 (letter dated November 5, 2001 from Office of the County Attorney of Arapahoe County Colorado to the IRS, with attached Certificate of Redemption)).

23.  The City of Englewood filed a lien against Kalevik that was recorded with the Clerk and Recorder of Arapahoe County, Colorado on November 23, 1999 as Reception No. A9185925.  (*See* Machhar Declaration;  USA's Exhibit 17, Bates Stamp 317).  A release of this lien was recorded with the Clerk and Recorder of Arapahoe County, Colorado on March 27, 2001.  (*See* Machhar Declaration;  USA's Exhibit 20 (letter dated October 31, 2001, from Department of Administrative Services of the City of Englewood to the IRS, with attached Release of Lien)).

24.     As of the date of this Memorandum Opinion and Order, Kalevik has not responded to the USA's Motion.  By Minute Order dated March 8, 2004, the court directed Defendants to file responses to the USA's Motion on or before April 5, 2004.  A

copy of the Minute Order was mailed to Kalevik at his address on record with the court. (*See, e.g.,* Scheduling Order (doc. # 27) at p. 3 ¶ 3. a.;  attachment to Notice of Bankruptcy (doc. # 75)).  The court's records indicate that the Minute Order mailed to Kalevik was not returned as undeliverable.

25.    The court held a hearing on the USA's Motion on May 20, 2004.  Counsel for the USA appeared in person.  Kalevik did not appear in person or through counsel. The hearing was set by Minute Order dated April 21, 2004.  A copy of the Minute Order was mailed to Kalevik at his most recent address on record with the court.  The court's records indicate that the Minute Order mailed to Kalevik was not returned as undeliverable.

26.    Later on May 20, 2004, the court received Kalevik's Notice of Bankruptcy (doc. # 64), indicating that on May 19, 2004 Kalevik filed Case No. 04-20792 ABC, a voluntary petition under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Colorado.  This civil action was therefore stayed (*see* Title 11 U.S.C. § 362 (a petition filed under section 301 of Title 11 operates as a stay of the continuation of a judicial action against the debtor)).  Notice was filed on November 4, 2004 that Case No. 04-20792 ABC had been dismissed on October 13, 2004 on the grounds that no plan was confirmed.  (*See* doc. # 72).

27.    The court lifted the stay on November 9, 2004.   The court held a status conference on December 21, 2004.  Counsel for the USA appeared via telephone. Kalevik did not appear in person or through counsel.

28.    Later on December 21, 2004, the court received Kalevik's Notice of

Bankruptcy (doc. # 75), indicating that on December 20, 2004 Kalevik filed Case No. 04-37326 ABC, a voluntary petition under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Colorado.  As a result of the filing of the Chapter 13 Petition, this civil action was again stayed.  On October 14, 2005, the court received notice that Case No. 04-37326 ABC was dismissed on October 5, 2005 on the grounds that Kalevik failed to make the required payments under the Chapter 13 plan and had failed to file a motion to confirm the plan.  (*See* Exhibits 1 and 2 to doc. # 79).

29.     On September 15, 2005, the court administratively closed this civil action based on inactivity due to the filing of two bankruptcy petitions that stayed proceedings in this case from May 19, 2004 through October 13, 2004 and from December 20, 2004 through October 5, 2005.  (*See* Order Administratively Closing Case (filed September 15, 2005) (doc. # 77)).  The court indicated that this civil action was subject to reopening for good cause and that should the action be reopened for good case, it would be "reinstated in full in the same posture in which it was on the date of this Order, including the USA's Motion for Summary Judgment (filed March 3, 2004) (doc. # 55)."  (*See id.*).

30.     On November 7, 2005, the court reopened this civil action and reinstated the case "in full in the same posture in which it was on the date of this Order," including the USA's pending Motion for Summary Judgment (filed March 3, 2004) (doc. # 55).

B.       Standard of Review

Due to the two bankruptcy petitions (Case No. 04-20792 ABC and Case No. 04-37326 ABC) filed by Kalevik, proceedings in this case have been stayed from May 19, 2004 through October 13, 2004 and from December 20, 2004 through October 5, 2005. The USA's Motion for Summary Judgment has been pending for approximately 18 months without any response from Kalevik.  Kalevik's response to the USA's Motion was due on April 5, 2004, several weeks before he filed his first bankruptcy petition. Kalevik has had ample time to file a response to the USA's Motion.

"[A]lthough a district court may consider a motion for summary judgment uncontested for lack of a timely response, it cannot grant summary judgment unless the moving party has met its initial burden of production under Rule 56 and demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law."  *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (citation omitted).

> Under Rule 56(c) summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. For that purpose, familiar Rule 56 principles impose on defendants as movants the initial burden of establishing the lack of a genuine issue of material fact. If that burden is met, plaintiffs as nonmovants must then come forward with specific facts showing that there is a genuine issue for trial. On that score an issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

*Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir.) (internal quotes and citations omitted), *cert. denied*, 537 U.S. 816 (2002).  The district court is "required to

examine all of the evidence and draw all reasonable inferences in favor of plaintiffs as nonmovants." *Id.*

C.    Conclusions of Law

1.    Title 26 U.S.C. § 6201(a)(1) authorizes the Secretary of Treasury to make assessments of all taxes imposed by the Internal Revenue Code. Certificates of Assessments and Payments (Forms 4340) are admissible evidence pursuant to Fed. R. Evid. 803(6) and (8) and are the proper means of establishing the facts of the administrative assessment, and notice and demand for payment. *See Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992) ("For purposes of granting summary judgment, a Certificate of Assessments and Payments is sufficient evidence that an assessment was made in the manner prescribed by § 6203 and Treas. Reg. 301.6203-1"); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (Form 4340s are proof that proper notices were sent). These Certificates are self-authenticating. *See* Fed. R. Evid. 902(1) and (4). Because the Forms 4340 submitted here identify Kalevik, describe the character of his assessed tax liabilities, state the applicable tax periods and amounts of the assessments, and are signed by an assessment officer, they are presumptive proof of the validity of the assessments at issue. *See Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1995) (district court correctly concluded that Certificates of Assessments and Payments showed presumptively correct tax assessments). (*See also* USA's Exhibits 1 through 6).

In its Requests for Admissions, the USA requested that Kalevik admit that the

assessments at issue in this matter were properly assessed, and that he owes the balance due on those assessments. Kalevik failed to respond to the USA's Requests for Admissions, even after receiving additional time to do so. Pursuant to Fed. R. Civ. P. 36, Kalevik is deemed to have admitted the matters set forth in each Request for Admission, and each such admission is conclusively established. *Bergemann v. U.S.*, 820 F.2d 1117, 1120 (10th Cir. 1987). (*See* Machhar Declaration; USA's Exhibit 12 at p. 10 question 2 and p. 11 question 3).

As there are no material facts in dispute, the USA is entitled to judgment as a matter of law in its favor and against Kalevik for the unpaid balance of his federal income tax assessments for 1990 through 1995.

2.     Upon notice and demand for payment, a lien for taxes arises upon "all property and rights to property, whether real or personal" of a delinquent taxpayer at the time the assessment is made and continues until the assessed tax liability is satisfied or becomes unenforceable for lapse of time. 26 U.S.C. §§ 6321 and 6322. The Forms 4340 submitted in this matter establish that notice and demand for payment was properly made. *See Long*, 972 F.2d at 1181 (citing *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992) (Certificates of Assessments and Payments sufficient proof of adequacy and propriety of notices and assessments absent evidence to the contrary)). Generally, a levy may be issued or an action brought in court to collect an assessed liability within ten years from the date of assessment. 26 U.S.C. § 6502. Kalevik's federal income tax liabilities for tax years 1990 through 1995 remain unpaid. The earliest assessment at issue in this matter was made on October 17, 1994, and

this action was commenced on March 7, 2003, well within the ten year period.

The record demonstrates that Kalevik owns the Sedalia Property and the Englewood Property and that he was the sole owner of the Sedalia Property at the time of his divorce from Lynette Ann Kalevik in January, 2000. (*See* Kalevik's Answer to Amended Complaint at ¶13; Disclaimer of Interest of Lynette Ann Kalevik (filed December 4, 2003)). Pursuant to 26 U.S.C. § 6321, the USA has established as a matter of law that its federal tax liens are valid and attach to Kalevik's interest in the Sedalia Property and the Englewood Property. The court finds that the federal tax liens with respect to the federal income tax assessments for 1990 through 1995 are valid and attach to the Sedalia Property and the Englewood Property.

3.	The USA's federal tax liens that arose from the assessments in this matter are valid against all creditors without the filing of a notice, except those defined in 26 U.S.C. § 6323. Pursuant to 26 U.S.C. § 6323(a), a notice of federal tax lien must be filed in order to have priority over the holder of a security interest. The USA filed Notices of Federal Tax Liens in the Clerk and Recorders' offices of the counties in which the Sedalia Property and the Englewood Property are situated. The USA named several additional parties as Defendants in this action because they may have an interest in the properties at issue here. Other than Alliance, no party has an interest that is superior to that of the USA in the Sedalia Property. Based on the letter from CheckRite/Choice Recovery Network, Inc. to the IRS and Global payments' failure to appear in this action, Global Payments does not have an interest in the Sedalia Property. (*See* USA's Exhibit 16; Entry of Default (filed March 2, 2004); Colo. Rev.

Stat. § 13-80-103.5, § 13-80-108, and § 38-39-207 (2003)).

The USA's federal tax liens have priority over the interests of all other creditors with respect to the Englewood Property.  Three liens were filed against the Englewood Property prior to the filing of the Notices of Federal Tax Lien.  One lien has been satisfied and the other released.  (*See* Machhar Declaration;  USA's Exhibit 17, Bates Stamp 317;  USA's Exhibit 20 (letter dated October 31, 2001, from Department of Administrative Services of the City of Englewood to the IRS, with attached Release of Lien)).

The date of the deed of trust issued by Kalevik to Stellter is January 16, 1974. Liens created by a deed of trust shall not run for more than fifteen years from the date on which final payment or performance is made.  *See* Colo. Rev. Stat. § 38-39-201 (2003);  USA's Exhibit 17 (Mortgage Guarantee from First American Title Insurance Company for Englewood Property), Bates Stamp 317).  Thus, Stellter's lien has been extinguished.  There is no evidence before the court that Stellter assigned his interest in the Englewood Property to anyone.  Stellter's only surviving heirs do not wish to pursue any interest Stellter may have had in the Englewood Property. (*See* Affidavit of Norma Osmon and Marjorie Ann Nalker, at ¶¶ 8-10).

The Internal Revenue Code provides that in any case where there has been a failure to pay taxes, the United States may file a suit "to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property of whatever nature of the delinquent or in which he has any right, title or interest to the payment of such tax. . ." and the court shall "adjudicate all matters involved therein. . .

." 26 U.S.C. § 7403(a), (c). A district court shall and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property . . ." *Id.* at § 7403(c).  As the court has determined that a tax liability exists and the United States' tax liens are valid, the federal tax liens are properly foreclosed to pay Kalevik's outstanding income tax liability.

Accordingly, IT IS ORDERED that:

1.  Plaintiff United States of America's Motion for Summary Judgment (filed March 3, 2004) (doc. # 55) is GRANTED.

2.  Kalevik is indebted to the USA for unpaid federal income taxes, penalties and interest for the tax years 1990 through 1995 plus statutory interest and other additions.  Judgment shall enter in favor of Plaintiff United States of America and against Defendant Menter S. Kalevik for the unpaid balance due on the federal income tax liabilities assessed against him for tax years 1990 through 1995, plus statutory interest and other additions allowed by law.  The USA shall submit evidence of the final amount due to the court **on or before December 9, 2005**.

3.  Kalevik holds all the property rights, title and interest in and to the Sedalia Property and the Englewood Property described in paragraph 1 of the Amended Complaint.  Federal income tax liens attach to the rights, title and interest of Kalevik in and to the Sedalia Property and the Englewood Property described in paragraph 1 of the Amended Complaint.  The federal tax liens shall be foreclosed and the Sedalia Property and the Englewood Property sold pursuant to 26 U.S.C. § 7403(c) and 28

U.S.C. § 2001, with the proceeds distributed to the USA as required to satisfy the federal tax liens, after paying to Alliance the remaining balance of Kalevik's loan on the Sedalia Property pursuant to the "Stipulation Between the United States of America and Alliance Mortgage Company" filed with the court on March 12, 2004.

DATED at Denver, Colorado, this 7th day of November, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge