IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 03-cv-00411-CBS-BNB

UNITED STATES OF AMERICA,
    Plaintiff,
v.

MENTER S. KALEVIK, et al.,
    Defendants.
_____

ORDER FOR STATUS REPORT
_____

    This civil action comes before the court for a review of its status. On October 3, 2003, the above-captioned case was referred to the Magistrate Judge to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2.

    This civil action was brought by the USA to reduce to judgment the outstanding federal income tax liabilities assessed against Defendant, Menter S. Kalevik, and to foreclose the USA's federal tax liens against the real property located at 7392 Rainbow Creek Road, Sedalia, Colorado 80135 ("Sedalia Property") and the real property located at 3553 South Emerson Street, Englewood, Colorado 80110 ("Englewood Property"). Kalevik has been proceeding *pro se* in this matter since November 10, 2003. (*See* doc. # 37 (granting Kalevik's counsel's motion to withdraw)).

    On September 15, 2005, the court administratively closed this civil action based on inactivity due to the filing of two bankruptcy petitions that stayed proceedings in this

case from May 19, 2004 through October 13, 2004 and from December 20, 2004 through October 5, 2005.  (*See* Order Administratively Closing Case (filed September 15, 2005) (doc. # 77)).  The court indicated that the case was subject to reopening for good cause.

On October 14, 2005, the USA moved to reopen the case.  On October 17, 2005, the court ordered Kalevik to respond to the USA's Motion to Reopen Case (doc. # 79) on or before November 4, 2005.  In the absence of any response from Kalevik, the court reopened the case on November 7, 2005.  However, unbeknownst to the court or the USA, Kalevik, through bankruptcy counsel H. Christopher Clark, had filed a voluntary petition under chapter 7 of the United States Bankruptcy Code on or about October 16, 2005.  Kalevik did not respond to the USA's Motion to Reopen and did not notify the court or the USA of the bankruptcy filing.  The USA learned of the bankruptcy filing on November 30, 2005, approximately 45 days after Kalevik filed it.  The USA then immediately notified the court of the bankruptcy filing.

Due to the bankruptcy petition filed by Kalevik on or about October 16, 2005 (Bankruptcy Petition No. 05-51595-SBB), the court once again administratively closed the case.  On March 8, 2006, the Bankruptcy Court entered an order granting Debtor Mentor Stephen Kalevik "a discharge under section 727 of title 11, United States Code. . . ."  (Exhibit 32 to Declaration of James E. Weaver (doc. # 89-7)).  Pursuant to the United States' Motion filed October 17, 2006, the court reopened the case on October 20, 2006.  (*See* doc. # 91).

On November 3, 2006, the United States filed its Motion for Preliminary

Injunction (doc. # 94).  The court held a status conference on November 7, 2006. Counsel for the United States, counsel for Alliance Mortgage Company, and Menter S. Kalevik appeared at the status conference.  At the status conference, Kalevik confirmed that he receives mail at P.O. Box 726 Sedalia Colorado 80135.  The court directed Kalevik to file any response to the Motion for Preliminary Injunction "within 20 days of receipt of the motion." (*See* Courtroom Minutes/Minute Order (doc. # 99)).  The Motion for Preliminary Injunction was served on Kalevik on November 7, 2006.  (*See* Supplemental Certificate of Service (doc. # 98).  As of this date, Kalevik has not filed any response to the Motion for Preliminary Injunction.

On December 15, 2006, the United States filed its Motion for Partial Summary Judgment (doc. # 101).  The court directed any response to the Motion for Partial Summary Judgment to be filed on or before January 4, 2007.  (*See* Minute Order (doc. # 105)).  As of this date, no response has been filed.

In the Motion for Partial Summary Judgment, the United States indicated that an objection to the bankruptcy Trustee's "no asset" report had been filed in Bankruptcy Petition No. 05-51595-SBB.  (*See* Exhibit H to Declaration of James E. Weaver (doc. # 103-5)).  Thus, as of the filing of the Motion for Partial Summary Judgment, Bankruptcy Petition No. 05-51595-SBB was not closed.  The United States further stated that "[i]n light of the pending objection to the Trustee's report, the United States will separately file a notice seeking to withdraw its motion for a preliminary injunction pending the lifting of the automatic stay in the bankruptcy case." (*See* Memorandum in Support of Motion for Partial Summary Judgment (doc. # 102) at ¶ 5).  As of this date, no notice

seeking to withdraw the Motion for a Preliminary Injunction has been filed.

Accordingly,

IT IS ORDERED that **on or before February 9, 2007** the United States shall file a report on the status of Bankruptcy Petition No. 05-51595-SBB and the status of any "notice seeking to withdraw its motion for a preliminary injunction pending the lifting of the automatic stay in the bankruptcy case."

DATED at Denver, Colorado, this 17th day of January, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge